```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

TURNER CONSTRUCTION CO., et al.,            01 Civ. 2899

                Plaintiffs,                 OPINION

      -against-

KEMPER INSURANCE CO., et al.,

                Defendants.

---------------------------------------X
```

A P P E A R A N C E S :

Attorneys for Plaintiffs

EDWIN L. DOERNBERGER, ESQ.
1952 Whitney Avenue
Hamden, CT  06517


Attorneys for Defendants

BARRY, MCTIERNAN & MOORE
2 Rector Street
New York, NY  10006
By:  Suzanne M. Halbardier, Esq.

WILLIAMS MONTGOMERY & JOHN LTD.
20 North Wacker Drive, Suite 2100
Chicago, IL  60606-3094
By:  Michael C. Bruck, Esq.

**Sweet, D.J.**

Plaintiff Turner Construction Company ("Turner") has moved for entry of judgment against Defendants American Manufacturing Insurance Company and Lumbermens Mutual Casualty Company (collectively "Kemper"). For the reasons set forth below, the motion is granted.

**Prior Proceedings**

Summary judgment in favor of Kemper was granted on April 30, 2007. Kemper moved for reconsideration and reargument on May 16, 2007, submitted a Memorandum of Points and Authorities dated June 4, 2007, and a Memorandum of Law regarding Turner's claim for attorney's fees dated June 15, 2007. The motion for reconsideration was denied by this Court's opinion dated August 31, 2007. Kemper submitted a Motion and Memorandum of Points and Authorities regarding entry of judgment dated October 24, 2007, and a response to Turner's submission to the Court regarding entry of judgment dated October 31, 2007. Argument was heard on November 14, 2007, on the motion for entry of judgment.

1

## Entry of Judgment is Appropriate

Contrary to the claim of Kemper as set forth in Kemper's Supplemental Brief at 2-3, this is not an equitable contribution action among insurers. The pleadings in this action set forth a cause of action brought by Turner against Kemper based upon Turner's status as an additional insured under the Kemper policies and Kemper's failure to defend and indemnify Turner in the underlying cases. Turner's claim is specifically for Kemper's "breach of contract." See Second Amended Complaint, filed February 25, 2002 (Docket No. 25), at ¶34.

In addition, no other insurer is a party to this action, nor has Kemper sought to add any other insurer as a party. The issue regarding contribution among insurers should be reserved to proceedings in which those other insurers are parties. See, e.g., <u>BP Air Conditioning Corp. v. One Beacon Ins. Group</u>, 8 N.Y.S.3d 708, 716 (2007). As Turner has previously stated, Kemper may pursue any other insurers after payment to Turner of amounts due and owing. See Turner's Memorandum and Submission in Response to the Court's Order of August 31, 2007 at 5-6 (citing <u>Maryland Cas. Co. v. W.R. Grace and Co.</u>, 218 F.3d 204, 210 (2d Cir.

2

2000)). In such an action, Kemper can set forth its claims for the appropriate allocation of defense costs, and those insurers against which claims are made can set forth their defenses to such claims. Kemper's allocation claims should not be heard without the presence of the other insurers.

This Court has previously considered the impact of the decision of the Court of Appeals in Servidone Constr. v. Sec. Ins. Co. of Hartford, 64 N.Y.2d 419 (1985). By opinion dated August 31, 2007, denying Kemper's Motion for Reconsideration, Turner Constr. Co. v. Am. Mfrs. Mut. Ins. Co., No. 01 Civ. 2899 (RWS), 2007 WL 2710114 (S.D.N.Y. Aug. 31, 2007), the Court specifically addressed Servidone. See id. at *3. In summary, under the rationale of Servidone, "the insured must prove that the claims asserted against it fell within the scope of the insurance coverage." Morgan Stanley Group Inc. v. New England Ins. Co., 36 F. Supp. 2d 605, 608 (S.D.N.Y. 1999). In order for the claims against Turner to fall within the scope of the Kemper policies, the claims against Turner must "arise out of" Trident's work. As the Court recognized, the claims against Turner arise out of Trident's work. See Turner Constr. Co., 2007 WL 2710114, at *5-6. This issue has been fully considered and found against Kemper by this Court.

3

With respect to Kemper's claim for offsets, see
Kemper's Supplemental Brief at 7-8, Kemper has failed to
plead any claim of an offset. Not only did Kemper fail to
make any such allegation in its answer and defenses, but
Kemper also failed to raise the claim in its opposition to
Turner's motion for summary judgment, in its motion for
reconsideration, or in its multiple submissions regarding
entry of judgment. See Dellefave v. Access Temporaries,
Inc., No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1
(S.D.N.Y. Mar. 22, 2001) (noting that on a motion for
reconsideration, "a party may not advance new facts, issues
or arguments not previously presented to the Court"
(internal quotation marks and citation omitted)); see also
Bennett v. Watson Wyatt & Co., 156 F. Supp. 2d 270, 272
(S.D.N.Y. 2001).

Again, the Court has previously considered and
determined that Turner is entitled to interest on the
amounts owing. Turner Constr. Co. v. Am. Mfrs. Mut. Ins.
Co., 485 F. Supp. 2d 480, 490-91 (S.D.N.Y. 2007). The
award of interest in this case is mandated by C.P.L.R. §
5001. As set forth above, this is not an equitable
allocation case, and the award of interest is required.

4

The Turner motion for entry of judgment is granted.

Submit judgment on notice.

It is so ordered.

**New York, N.Y.**
~~January~~ February 1, 2008

Robert W. Sweet
U.S.D.J.